1  TREVOR B. ROCKSTAD, SBN. 277274
   Davis & Crump, PC
2  2601 14th Street
   Gulfport, MS 39501
3  Telephone: (228) 863-6000
   Facsimile (228) 864-0907
4  trevor.rockstad@daviscrump.com

5

6  DOUG SCHREINER (to be admitted *pro hac vice*)
   Blackridge LLC
7  9500 Nall Avenue, Suite 400
   Overland Park, KS 66207
8  Telephone: (913) 955-3388
   Facsimile: (913) 955-3247

9

10 *Attorneys for Plaintiff*

11

12 **UNITED STATES DISTRICT COURT**
   **CENTRAL DISTRICT OF CALIFORNIA**
13 **EASTERN DIVISION**

14 MARK GREEN                           )
15                                       )
                          Plaintiff,     )   Civil Action No.: 2:21-cv-05204
16            v.                         )
                                         )   JURY TRIAL DEMANDED
17 COMBE INCORPORATED; COMBE            )
   PRODUCTS, INC.; COMBE               )
18 LABORATORIES, INC.;                  )
   COMBE INTERNATIONAL LLC              )
19 f/k/a COMBE INTERNATIONAL LTD; and   )
   WAL-MART STORES, INC.;               )
20                                       )
                          Defendants.    )
21                                       )

22

23                    **COMPLAINT**

24        Plaintiff, Mark Green, by and through his undersigned counsel, brings this action against

25 Defendants Combe Incorporated, Combe Products, Inc., Combe Laboratories, Inc., Combe

26 International, LLC, and Wal-Mart Stores, Inc.  and allege as follows:

27

28

                              1
                         COMPLAINT

## **NATURE OF THE ACTION**

1.    This is an action for damages suffered by Plaintiff Mark Green, an African American man, as a direct and proximate result of the Defendants' negligent and wrongful conduct in connection with the design, development, manufacture, testing, packaging, promoting, marketing, distribution, labeling, and/or sale of the hair care products and hair dyes known as Just For Men® and/or other Just For Men® branded products herein collectively referred to as Just For Men®.

2.    As set forth herein, Defendants knew that Just For Men® hair care products cause a disproportionately high rate of adverse events in African American men. Despite this knowledge, Defendants aggressively targeted the African American community in their marketing and advertising.

3.    As a result of his Just For Men® use, Plaintiff Mark Green has been left with severe and permanent facial injuries:



4.    Just For Men® hair care products and dyes are manufactured and/or sold by

Combe Incorporated, Combe Products, Inc., Combe Laboratories, Inc., and/or Combe International LLC (formerly known as Combe International LTD).

5.    At all times relevant hereto, Just For Men® was designed, developed, manufactured, tested, packaged, promoted, marketed, distributed, labeled, and/or sold by Defendants Combe Incorporated, Combe Products, Inc., Combe Laboratories, Inc., and/or Combe International LLC.

6.    At all times relevant hereto, Defendant Wal-Mart Stores, Inc. promoted, marketed and/or sold Just For Men® products.

## PARTIES, JURISDICTION, AND VENUE

7.    The Plaintiff, Mark Green, is and was at all times relevant hereto, a resident of Los Angeles County, California.  He purchased Just For Men® at a Wal-Mart store in Moreno Valley, California.

8.    Defendants marketed, promoted, and/or sold Just For Men® hair care products and dyes throughout the United States and the State of California.

9.    The amount in controversy, exclusive of interest and costs, exceeds the jurisdictional minimum of this Court.

10.    This court has personal jurisdiction over the Defendants pursuant to and consistent with California's long arm statute (Cal. Code Civ. Proc. § 410.10) and the Constitutional requirements of Due Process in that the Defendants, acting through their agents or apparent agents, committed one or more of the following:

a.   The transaction of any business within the state;

b.   The making of any contract within the state;

c.   The commission of a tortious act within this state; and

d.   The ownership, use, or possession of any real estate situated within this state.

COMPLAINT

11. Requiring Defendants to litigate these claims in California does not offend traditional notions of fair play and substantial justice and is permitted by the United States Constitution. Defendants derive substantial revenue from the sale of Just For Men® products within the State of California. All of Plaintiff's claims arise in part from conduct Defendants purposely directed to California including but not limited to the sale and marketing of Just For Men® products.

12. Defendant Combe Incorporated is a Delaware corporation which has its principal place of business at 1101 Westchester Ave., White Plains, New York 10604.

13. At all times relevant hereto the Defendant Combe Incorporated was engaged in the business of designing, developing, manufacturing, testing, packaging, promoting, marketing, distributing, labeling, and/or selling Just For Men® hair care and dye products.

14. Upon information and belief, at all relevant times, Defendant Combe Incorporated was present and doing business in the State of California.

15. At all relevant times, Defendant Combe Incorporated transacted, solicited, and conducted business in the State of California and derived substantial revenue from such business.

16. At all times relevant hereto, Defendant Combe Incorporated expected or should have expected that its acts would have consequences within the United States of America, and the State of California in particular.

17. Defendant Combe Products, Inc. is a Delaware corporation which has its principal place of business at El Duque Industrial Park Carr. 971 Calle A, Naguabo, Puerto Rico 00718.

18. At all times relevant hereto Defendant Combe Products, Inc. was engaged in the business of designing, developing, manufacturing, testing, packaging, promoting, marketing, distributing, labeling, and/or selling Just For Men® hair care and dye products.

19. Upon information and belief, at all relevant times, Defendant Combe Products,

4

COMPLAINT

Inc. was present and doing business in the State of California.

20.     At all relevant times, Defendant Combe Products, Inc. transacted, solicited, and conducted business in the State of California and derived substantial revenue from such business.

21.     At all times relevant hereto, Defendant Combe Products, Inc. expected or should have expected that its acts would have consequences within the United States of America, and the State of California in particular.

22.     Defendant Combe Laboratories, Inc. is an Illinois corporation which has its principal place of business at 200 Shellhouse Dr., Rantoul, Illinois 61866.

23.     At all times relevant hereto, Defendant Combe Laboratories, Inc. was engaged in the business of designing, developing, manufacturing, testing, packaging, promoting, marketing, distributing, labeling, and/or selling Just For Men® hair care and dye products.

24.     Upon information and belief, Defendant Combe Laboratories, Inc. was specifically engaged in the business of product returns, packaging and repackaging, research, and product testing for Defendants' Just for Men® hair care and dye products.

25.     Upon information and belief, at all relevant times, Defendant Combe Laboratories, Inc. was present and doing business in the State of California.

26.     At all relevant times, Defendant Combe Laboratories, Inc. transacted, solicited, and conducted business in the State of California and derived substantial revenue from such business.

27.     At all times relevant hereto, Defendant Combe Laboratories, Inc. expected or should have expected that its acts would have consequences within the United States of America, and the State of California in particular.

28.     Defendant Combe International LLC is a Delaware corporation which has its principal place of business at 1101 Westchester Ave., White Plains, New York 10604.

5

COMPLAINT

29.     At all times relevant hereto Defendant Combe International LLC was engaged in the business of designing, developing, manufacturing, testing, packaging, promoting, marketing, distributing, labeling, and/or selling Just For Men® hair care and dye products.

30.     Upon information and belief, at all relevant times, Defendant Combe International LLC was present and doing business in the State of California.

31.     At all relevant times, Defendant Combe International LLC transacted, solicited, and conducted business in the State of California and derived substantial revenue from such business.

32.     At all times relevant hereto, Defendant Combe International LLC expected or should have expected that its acts would have consequences within the United States of America, and the State of California in particular.

33.     Defendants Combe Incorporated, Combe Products, Inc., Combe Laboratories, Inc., and Combe International LLC shall herein be collectively referred to as "Combe Defendants."

34.     Defendant Wal-Mart Stores, Inc. is a Delaware corporation with headquarters at 702 S.W. 8th Street, Bentonville, Arkansas, 72716.

35.     At all times relevant hereto,  Defendant Wal-Mart Stores, Inc. was engaged in the business of promoting, marketing, distributing, and/or selling Just For Men® hair care and dye products.

36.     Upon information and belief, at all relevant times, Defendant Wal-Mart Stores, Inc. was present and doing business in the State of California.

37.     At all relevant times, Defendant Wal-Mart Stores, Inc. transacted, solicited, and conducted business in the State of California and derived substantial revenue from such business.

38.     At all times relevant hereto, Defendant Wal-Mart Stores, Inc. expected or should

COMPLAINT

have expected that its acts would have consequences within the United States of America, and the State of California in particular.

39.    This Court has personal jurisdiction over the Defendants because the Defendants transact business and the wrongs complained of herein arose in California, and specifically in the Central District of California.

40.    The amount in controversy exceeds $75,000.00, exclusive of interests and costs.

## FACTUAL ALLEGATIONS

41.    Defendants developed, designed, formulated, manufactured, packaged, labeled, advertised, marketed, instructed on and warned about, distributed and/or sold Just For Men® hair care and dye products since at least 1987.

42.    Just For Men® is a cosmetic hair care dye intended to improve appearance and alter hair and facial hair color.

43.    Even if used as directed, Defendants failed to adequately warn against the negative effects and risks associated with this product including, but not limited to, long term usage and the cumulative effects of long-term usage, all discussed elsewhere in this Complaint.

44.    Defendants knew or should have known that Just For Men® products create an unnecessary risk of burns, scarring, allergic reactions, anaphylactic shock, skin depigmentation, and other severe injuries with use including, but not limited to, prolonged and cumulative usage.

45.    In omitting, concealing, and/or inadequately providing critical safety information regarding the use of Just For Men® in order to induce its purchase and use, Defendants engaged in and continue to engage in conduct likely to mislead consumers, including Plaintiff. This conduct is fraudulent, unfair, and unlawful.

46.    Defendants, knew or should have known that Just For Men® created an increased risk of injury and failed to disclose to consumers, including Plaintiff, the risk of injury, rates of

COMPLAINT

adverse reaction, and other problems known to Defendants.

47.   Combe Defendants boast that Just For Men® products are backed by "three decades of research and have delivered great results over 50 million times" despite the knowledge that thousands of consumers a year are severely and permanently injured by their Just For Men® products. Further, this statement is inaccurate, misleading, and not supported by any scientific facts or knowledge.

48.   Defendants knew or should have known that the chemicals in Just For Men® products, including but not limited to p-Phenylenediamine (herein "PPD"), are associated with health risks, yet Defendants did not adequately warn consumers, including Plaintiff.

49.   Just For Men® is permanent hair coloring which utilizes oxidation in the dying process.

50.   The EPA lists several links between PPD and several acute and chronic injuries, including but not limited to:

    a.   Severe dermatitis;

    b.   Renal failure;

    c.   Acute Contact Dermatitis;

    d.   Vitiligo;

    e.   Convulsions and comas; and

    f.   Eczematoid contact dermatitis.

51.   Defendants fail to warn about several of the conditions listed in the preceding paragraph. To the extent there is any warning as to the conditions listed above, that warning is inadequate and improperly downplays the substantial risk posed by the product.

52.   A 2006 article published in the Journal of Toxicology and Environmental Health found a link in at least one study between hair dyes and certain cancers including bladder cancer,

non-Hodgkin's lymphoma, and blood cancers such as myeloma and leukemia.

53.    In 2006, PPD was named allergen of the year by the American Contact Dermatitis Society.

54.    PPD is one of five substances listed as a "strong sensitizer" by the Consumer Product Safety Commission.

55.    As defined by 16 CFR 1500.13, "strong sensitizer" substances have a significant potential for causing hypersensitivity.

56.    Throughout Europe PPD is widely known as an "extreme sensitizer."

57.    Combe Defendants place no restrictions concerning cumulative or repeated use of their products or PPD on their packaging despite the known risks of repeated exposure to their products and PPD.

58.    Defendants knew or should have known that in excess of 5% of the population will have an adverse reaction to PPD, yet Defendants ignored, concealed and/or withheld this information from the public.

59.    PPD has been linked to severe and sudden allergic reactions, including serious skin irritation, anaphylaxis and even death.

60.    Combe Defendants do not properly warn consumers on their product labels, inserts, or marketing materials that PPD in Just For Men® products can cause anaphylaxis and death.

61.    Defendants knew or should have known about the increased risk created by cumulative use, but Defendants failed to instruct or warn to the public regarding such use or the number of times a person could use Just For Men® products safely.

62.    Although Combe Defendants instruct users to conduct a preliminary test to help determine whether a user will have an adverse reaction to its product, the preliminary test

9

COMPLAINT

recommend and the directions and instructions for its administration are inadequate.

63.    Combe Defendants recommend a self-applied "skin patch test" on a consumer's arm prior to use. Combe Defendants recommend this test despite knowing that facial skin is more sensitive and may react differently than the arm or other parts of the body. Combe Defendants provide no guidelines on how to test their Just For Men® products on a consumer's face prior to use.

64.    The skin patch test is designed to detect allergic reactions (itching, irritation, burning, redness, swelling or eruptions) to the Just For Men® product. Importantly, it is not designed to detect if a user will suffer from skin discoloration or vitiligo from either isolated or repeated use.

65.    Defendants knew or should have known that the skin patch test is an inadequate method to determine if a user will have an allergic reaction to PPD.

66.    The universal standard for identifying skin allergies, including acute contact dermatitis to PPD, is the patch test which is administered and monitored by a dermatologist or similar trained medical professional over 7-10 days.

67.    During a patch test, a trained medical professional places a small quantity of known allergens on the patient's back. The test areas are then covered with special hypoallergenic adhesive tape so the patches stay in place undisturbed for 48 hours.

68.    Generally, a patch test administered by a medical professional requires two to three appointments so that the reactions can be carefully monitored by the dermatologist.

69.    Despite the knowledge that more accurate patch tests conducted by trained medical professionals are done over the course of several days or even weeks, Defendants wrongly and negligently fail to advise Just For Men ® consumers of the benefits of having a patch test done by a medical professional.

COMPLAINT

70.     In December 2007, the European Commission Scientific Committee on Consumer Products released an Opinion titled "Sensitivity to Hair Dyes – Consumer Self Testing." The Committee concluded that at home skin tests, given for the purpose of providing an indication as to whether an individual consumer may or may not have a contact allergy to hair dye chemicals, were unreliable. The committee specifically found that:

a.  Self-Testing leads to misleading and false-negative results, thus giving individuals who are allergic to hair dye substances the false impression that they are not allergic and not at risk of developing an allergic reaction by dyeing their hair;

b.  There is a potential risk that "self-tests" result in induction of skin sensitization to hair dye substances;

c.  The self-test recommendations were not standardized and uncontrolled, allowing for large variations in dose, number of applications, and duration of exposure;

d.  False negative results from self-testing are considered to be the largest problem;

e.  48 hours is known to be too short as patch test reactions may develop up to seven days after application;

f.  Self-test locations on the arm or behind the ear are not reliable, while patch testing done on the back is good for reproducibility; and

g.  Self-tests are not performed or observed by trained observers.

71.     Defendants do not warn or disclose that self-testing, such as the test recommended by Combe Defendants, is not as effective or reliable as a doctor performed test as described elsewhere in this Complaint.

72.     Nowhere on product packaging or inserts, webpage, advertisements, store displays and/or marketing materials do Defendants recommend that consumers undergo a patch

test with a dermatologist before using Just For Men® products.

73.    Combe Defendants advise that a consumer "not wash, cover, or disturb the test area for 48 hours." The burden to comply with this version of an allergy test is too high and essentially unfeasible. The risk of accidental contamination renders the "test" useless.

74.    For example, during this version of an allergy test, for two days, Consumers are unrealistically expected to:

    a.  Not shower;

    b.  Not wear long sleeve shirts;

    c.  Not accidently rub against anything;

    d.  Not sweat; and

    e.  Not close the elbow.

75.    Defendants knew or should have known that a percentage of consumers would have an allergic reaction to Just For Men ® products but fail to advise consumers to undergo proper allergy testing before using these products.

76.    Despite knowing that a certain percentage of the population would have an allergic reaction to Just For Men ® products, Defendants failed to warn and/or disclose such rates of reaction to consumers and the public in general.

77.    Defendants knew or should have known that the recommended skin patch test is inadequate to accurately identify potential reactions to Just For Men ® products.

78.    Defendants knew or should have known that the test was not adequate because:

    a.  The instructions and directions for use did not disclose that the at-home test was not a substitute for a patch test administered or monitored by a trained medical professional and that more accurate results could be obtained by a test administered by a trained medical professional;

COMPLAINT

b.  The risk that the test would be performed in the wrong area;

c.  The risk that the amount of product used would be wrong;

d.  The arm is not the appropriate location for a skin allergy test;

e.  The risk of false negatives or false positives is high;

f.  The area that is tested is not covered or protected during the test; and

g.  The risk that the product would be disturbed by clothing or daily activities is high.

79.     Consumers, including Plaintiff, detrimentally relied on the patch test.

80.     Defendants knew or should have known that it is highly unlikely that a consumer would be able to perform the patch test properly and obtain reliable results.

81.     In addition, Defendants knew or should have known that sensitization to PPD during a skin patch test is likely to occur in a certain percentage of the population.

82.     When sensitization occurs during a patch test, the consumer will have a late reaction to the PPD more than 48 hours, or not at all, after exposure, rendering the testing procedure useless.

83.     Due to sensitization during a patch test, it is possible for consumers to have a negative skin patch test result and still have a severe reaction to Just For Men ® products.

84.     Despite this, Defendants do not warn or disclose the risks of sensitization during a skin patch test.

85.     Combe Defendants provide inadequate instructions on how to combine the Color Base and Color Developer before application. Combe Defendants use ambiguous words such as "small" and "equal" parts but provide no tools or methods to measure the actual amount of each chemical or to ensure that equal amounts are being applied.

86.     Combe Defendants provide no instructions on what is meant by a "small" amount of chemicals, leaving the consumer to guess at the proper testing procedure.

13

COMPLAINT

87.     Without precise measuring tools, it is impossible to determine if "equal" amounts of each chemical are being mixed for application.

88.     Even if the product's patch test was adequate and reliable, which it is not, the vague, ambiguous, and inadequate instructions for its use render the test inadequate at best and useless at worst.

89.     Defendants fail to warn or disclose the probability that a user will have an adverse reaction to Just For Men® products.

90.     Defendants fail to warn about the possibility that Just For Men® use will result in permanent disfigurement, an important fact that a consumer would consider before purchasing the product.

91.     Defendants spend millions of dollars to advertise nationally via television and internet, but do not warn about any adverse reactions on their respective websites or commercials.

92.     Combe Defendants do not have any information about adverse reactions or any warning or precautions in their FAQ section on their website. In fact, their website is completely devoid of safety information or information related to adverse reactions regarding Just For Men® products.

93.     There are safer alternatives to PPD available for use in Just For Men® products. However, despite the known risks of PPD, Combe Defendants continue to use PPD in their products.

94.     Safer known alternatives include but are not limited to:

a.  Henna based hair dyes;

b.  Para-toluenediamine sulfate hair dyes; and

c.  Other semi-permanent dyes.

COMPLAINT

95.     These safer alternatives greatly decrease or even eliminate the risk of adverse reactions caused by PPD containing products as discussed in this Complaint. Furthermore, these alternative formulations also achieve the desired result of dying and/or coloring an individual's hair.

96.     Defendants fail to warn about and/or disclose the true nature and extent of the risk of serious adverse reactions posed by Just For Men® products in the general population of users or consumers.

97.     Defendants also fail to warn or disclose that the amount of PPD in Just For Men® increases with darker shades of the product.  As such, the darkest shades of Just For Men® pose the greatest risk of adverse reaction.  There is no warning that the risk of adverse reaction increases with darker shades.

98.     Further, Defendants fail to warn and/or disclose that African American consumers are at an even higher risk of an acute reaction to PPD than those of Caucasian descent.

99.     Indeed, in 2001 a study performed by the Cleveland Clinic concluded that the sensitization rate of PPD in African American users overall (men and women) was 10.6% versus 4.5% in Caucasians. The study further concluded that the sensitization rate of PPD in African American men in particular was 21.2% compared to 4.2% in Caucasians.

100.    Just For Men® has an unacceptable and unreasonable rate of adverse reaction as to the general population, which is exacerbated in the African American male population.

101.    Despite knowing that African American men are five times as likely to experience an adverse reaction to PPD and that the darkest shades of Just For Men® posed the greatest risk of injury, Defendants aggressively targeted the African American community in their marketing and advertising.

102.    In addition, other scientific studies have found increased sensitization rates to

predominately dark-haired populations, including 11.5% in India and 15.2% in Spain.

103.    In fact, PPD is now known as one of, if not the most, common allergens in the African American population, even rivaling nickel which is the leading cause of Allergic Contact Dermatitis ("ACD") in the world.

104.    Defendants knew or should have known that consumers were at a greater risk of experiencing an adverse reaction while using PPD compared to other hair dye products, and Defendants knew or should have known that certain groups of consumers, including but not limited to African Americans, were at an even greater risk of experiencing an adverse reaction to PPD.

105.    Despite this knowledge, Defendants failed to warn and/or disclose to these consumers that they were exposed to a significantly increased risk of suffering an adverse reaction.

106.    Defendants also knew or should have known that there is a substantial likelihood of serious bodily injury when using Just For Men® because it contains PPD. However, Defendants failed to warn and/or disclose this to consumers.

107.    Instead, Defendants represented that Just For Men ® products are safe and effective when used as directed even though Defendants knew or should have known that the 48-hour allergy test is flawed and ineffective.

108.    Defendants also failed to warn and/or disclose to consumers and the public in general that African Americans are more than two times as likely to have a severe reaction to Just For Men ® products as other consumers, and that African-American men are four to five times more likely to have such a reaction.

109.    Combe Defendants' warning label for Just For Men® inadequately addresses and warns of potential adverse health risk associated with the use of the product, as set forth in this

COMPLAINT

Complaint. Even when such risks are mentioned, they are minimized and downplayed, further reducing the utility, if any, of the products' warnings.

110.    Defendants actively marketed Just For Men® to consumers knowing that it would cause serious and severe reactions to consumers and/or failed to warn or disclose this fact to consumers.

111.    Combe Defendants have an internal claims process in place to obtain liability releases from consumers who are injured by Just For Men® products.

112.    Combe Defendants' claim process is structured to minimize any problems associated with Just For Men® products and prevent consumers who are injured from taking legal action.

113.    Plaintiff is unaware of a single clinical trial or study performed by Defendants related to the injury rate and/or safety of any Just For Men® products.

114.    Defendants have a duty to monitor the safety of Just For Men ® products and it is reasonable for them to conduct multiple clinical trials and/or studies related to the safety of Just For Men® products; however, they have failed to do so.

115.    Defendants knew or should have known of the high number of adverse reactions and injuries related to Just For Men® products from a multitude of sources, including but not limited to their respective internal claims process, making their failure to conduct any studies, clinical trials or the like particularly egregious.

116.    At all times relevant hereto, Defendant Wal-Mart Stores, Inc., as part of its business, sold Just For Men® products in its retail stores, including but not limited to the store located in Moreno Valley, CA.

117.    Defendant Wal-Mart Stores, Inc. knew or should have known of the high number of adverse reactions and injuries related to Just For Men® products from a multitude of sources,

COMPLAINT

including but not limited to their internal claims process, product complaints, product refund requests, product reviews on their website and social media presence, and, upon information and belief, previous litigation and communication with Combe Defendants.

118.    Despite actual or constructive knowledge of the dangerous nature of the Just For Men® products, Defendant Wal-Mart Stores, Inc. readily stocked its shelves with the products, reaping substantial profits.

119.    Defendant Wal-Mart Stores, Inc. further enabled the Combe Defendants to make representations concerning the quality of their products.  Defendant Wal-Mart Stores, Inc. adopted, and became responsible for, the representations made on Just For Men® packaging and warnings regarding the safety of the product when it decided to place the products on its store shelves and retail websites, and thereafter advertised and sold such products to consumers in general, and Plaintiff in particular.

## **PLAINTIFF'S USE OF JUST FOR MEN**

120.    Plaintiff, Mark Green, is and was at all times alleged herein a citizen of the State of California and currently resides in Moreno Valley California.  He brings this action in his individual capacity.

121.    Prior to June 2019, Plaintiff had used Just For Men® on multiple occasions.

122.    Plaintiff purchased Just For Men® in June 2019 at a Wal-Mart retail store located in Moreno Valley, California.

123.    Plaintiff applied Just For Men® as directed on or about June 28, 2019. Following this application, Plaintiff suffered a severe reaction to Just For Men®, including but not limited to burning, scarring, peeling, flaking, blisters, sores, rash, swelling, permanent skin discoloration and vitiligo.

124.    As a result of his injuries, Plaintiff suffers from permanent skin discoloration.

COMPLAINT

125.   Due to the embarrassment and the emotional toll of his injuries, Plaintiff underwent cosmetic tattooing of the disfigured portions of his face, with limited success.

126.   As alleged herein, as a direct and proximate result of Defendants' negligence and wrongful conduct, and the unreasonably dangerous and defective characteristics of Just For Men®, Plaintiff has suffered severe physical injuries. Plaintiff has endured substantial pain, suffering and embarrassment. Plaintiff has incurred significant expenses for medical care and treatment and will continue to incur such expenses in the future. Plaintiff has suffered and will continue to suffer economic loss, and has otherwise been physically, emotionally and economically injured. Plaintiff's injuries and damages are permanent and will continue. Plaintiff seeks damages from Defendants, as alleged herein.

## FIRST CAUSE OF ACTION
## STRICT PRODUCTS LIABILITY DEFECTIVE MANUFACTURING
## AGAINST COMBE DEFENDANTS

127.   Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges as follows:

128.   The Just For Men® manufactured, designed, sold, distributed, supplied and/or placed in the stream of commerce by Combe Defendants was defective in its manufacture and construction when it left the hands of Defendants in that it deviated from product specifications posing a serious risk of injury.

129.   As a direct and proximate result of Plaintiff's use of Just For Men® as manufactured, designed, sold, supplied and introduced into the stream of commerce by Combe Defendants, Plaintiff suffered harm, damages and economic loss, and will continue to suffer such harm.

130.   Upon information and belief, one or more "lots" and/or "batches" of Just For Men® were defective in its manufacture and construction when it left the hands of Combe

COMPLAINT

Defendants in that it deviated from product specifications posing a serious risk of injury.

131.    Upon information and belief, Plaintiff purchased and was injured by one or more of the "lots" and/or "batches" of Just For Men® that was defectively manufactured by Combe Defendants.

132.    Additional information concerning any defective manufacture is in the exclusive custody and control of the Combe Defendants.

133.    As a direct and proximate result of the foregoing, Plaintiff is entitled to damages pursuant to the common law and applicable state statutes. Further, Combe Defendants' actions and omissions as identified in this Complaint constitute a flagrant disregard for human life.

WHEREFORE, Plaintiff demands judgment in his favor and against Combe Defendants in a sum in excess of the jurisdictional requirement of this court; for costs herein incurred; and for such other and further relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
## STRICT PRODUCTS LIABILITY DESIGN DEFECT
## AGAINST ALL DEFENDANTS

134.    Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges as follows:

135.    Defendants are the manufacturers, designers, distributors, sellers, and/or suppliers of hair care products and hair dyes including Just For Men®.

136.    The Just For Men® manufactured and supplied by Defendants was defective in design or formulation in that, when it left the hands of the Defendants, the foreseeable risks of the product exceeded the benefits associated with its design or formulation, or it was more dangerous than an ordinary consumer would expect.

137.    The Just For Men® that Plaintiff used had not been materially altered or modified prior to his use.

COMPLAINT

138.    The foreseeable risks associated with the design or formulation of Just For Men® include, but are not limited to, the fact that the design or formulation of Just For Men® is more dangerous than a reasonably prudent consumer would expect when used in an intended or reasonably foreseeable manner.

139.    Just For Men® is also defectively designed because it contains the unreasonably dangerous ingredient PPD, even though there are reasonably safer and effective alternatives to hair dye that do not contain PPD.

140.    Just For Men® is also defectively designed because it causes an unreasonably high rate of adverse dermatological and other reactions in the general populace and to darker skinned populations, including African-Americans.

141.    Just For Men® is also defectively designed because the patch test, and the method chosen to instruct users to conduct the patch test, is unreasonable, unsafe, unreliable, and ineffective,

142.    Just For Men® is also defectively designed because the patch test, and the method chosen to instruct users to conduct it, imposes unreasonable and unrealistic standards on users, greatly limiting the effectiveness of the tests, if any. These problems include but are not limited to the unreasonable instruction to leave the tested area of skin uncovered and undisturbed, when the risk of contamination is unreasonably high.

143.    Just For Men® is also defectively designed because its cautions and/or warnings are inadequate, as set forth in the Complaint, for the following reasons, among others:

a.    Just For Men® products fail to warn of the rates of adverse reaction among the general population and among certain population groups, such as African Americans;

b.    Defendants minimize and downplay those risks associated with Just For Men®

COMPLAINT

hair dye that they chose to disclose;

c.   Just For Men® products fail to advise its users of the benefits of undergoing a patch test conducted by a medical professional;

d.   Just For Men® products fail to display and advise of the products' risks, proper use, or need to conduct a patch test in an effective and reasonable manner;

e.   Just For Men® products fail to provide adequate or reasonable instructions as to the use of the patch test included with the product; and

f.   Just For Men® products fail to advise users that the patch test is unreliable, causes sensitization, and is ineffective, among other problems.

144.   As a direct and proximate result of Plaintiff's use of Just For Men® as manufactured, designed, sold, supplied, marketed and/or introduced into the stream of commerce by Defendants, Plaintiff suffered harm, damages and economic loss and will continue to suffer such harm, damages and economic loss.

145.   As a direct and proximate result of the foregoing, Plaintiff is entitled to damages pursuant to the common law and applicable state statutes. Further, Defendants' actions and omissions as identified in this Complaint constitute a flagrant disregard for human life.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendants in a sum in excess of the jurisdictional requirement of this court; for costs herein incurred; and for such other and further relief as this Court deems just and proper.

**THIRD CAUSE OF ACTION**
**STRICT PRODUCTS LIABILITY – DEFECT DUE TO INADEQUATE WARNING AGAINST ALL DEFENDANTS**

146.   Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges as follows:

147.    The Just For Men® manufactured and supplied by Defendants was defective due to inadequate warning or instruction because Defendants knew or should have known that the product created significant risks of serious bodily harm to consumers and they failed to adequately warn consumers and/or their health care providers of such risks as follows:

a.   Defendants knew or, in the exercise of reasonable care, should have known that hair care products and dyes such as Just For Men® that are marketed to be used repeatedly as a cosmetic hair product present a risk of severe reactions and permanent scarring and other adverse reactions in large numbers;

b.   Defendants failed to provide the warning and/or instruction that one exercising reasonable care would have provided concerning the risk of injuries from use and repeated use of Just For Men®, in light of the likelihood that the product would cause the harm claimed by Plaintiff and in light of the likely seriousness of that harm.

148.    Defendantsare held to the level of knowledge of an expert in the field of that type of hair care product, and had a duty to warn its consumers of the dangers associated with Just For Men® and failed to do so.

149.    Defendants failed to reasonably or adequately warn users of this risks of Just For Men® for the following reasons, among others:

a.   Just For Men® products fail to warn of the rates of adverse reaction among the general population and among certain population groups, such as African Americans;

b.   Defendants minimize and downplay those risks associated with Just For Men® hair dye that they chose to disclose, including the risk of permanent disfigurement;

23

COMPLAINT

c.  Defendants do not warn that the risk of adverse reaction is greatly increased in the darker shades of the product.

d.  Just For Men® products fail to advise its users of the benefits of undergoing a patch test conducted by a medical professional;

e.  Just For Men® products fail to display and advise of the products' risks, proper use, or need to conduct a patch test in an effective and reasonable manner; and

f.  Just For Men® products fail to provide adequate or reasonable instructions as to the use of the patch test included with the product.

150.  Just For Men® products fail to advise users that the patch testis unreliable, causes sensitization, and is ineffective, among other problems. The Just For Men® was defective due to inadequate post-marketing warning or instruction because, after Defendants knew or should have known of the risk of serious bodily harm, as set forth herein, from the use of Just For Men®, Defendants failed to provide adequate warning to consumers of the product, knowing the product could cause serious injury as set forth herein.

151.  Plaintiff read and followed the deficient instructions and directions that were provided with Just For Men® products. As a direct and proximate result of Plaintiff's use of Just For Men® as manufactured, designed, sold, supplied, marketed and introduced into the stream of commerce by Defendants, Plaintiff suffered harm, damages and economic loss and will continue to suffer such harm, damages and economic loss.

152.  As a direct and proximate result of the foregoing, Plaintiff is entitled to damages pursuant to the common law and applicable state statutes. Further, Defendants' actions and omissions as identified in this Complaint constitute a flagrant disregard for human life.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendants in a sum in excess of the jurisdictional requirement of this court; for costs herein incurred; and for such other and further relief as this Court deems just and proper.

**FOURTH CAUSE OF ACTION**
**STRICT PRODUCTS LIABILITY DUE TO NON-CONFORMANCE WITH REPRESENTATIONS AGAINST ALL DEFENDANTS**

153. Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges as follows:

154. As set forth in this Complaint, Defendants made multiple material representations concerning the safety and effectiveness of Just for Men® hair dye, and minimized and downplayed those risks they chose to disclose

155. The Just For Men® manufactured and/or supplied by Defendants was defective in that, when it left the hands of Defendants, it did not conform to representations made by Defendants concerning the product.

156. These material misrepresentations made by Defendants are false as evidenced by the extreme number of adverse reactions to Just For Men® products by consumers, including but not limited to Plaintiff.

157. As a direct and proximate result of Plaintiff's use of the Just For Men® and his reliance on Defendants' representations regarding the safety of Just For Men®, Plaintiff suffered harm, damages and economic loss and will continue to suffer such harm, damages and economic loss.

158. As a direct and proximate result of the foregoing, Plaintiff is entitled to damages pursuant to the common law and applicable state statutes. Further, Defendants' actions and omissions as identified in this Complaint constitute a flagrant disregard for human life.

COMPLAINT

WHEREFORE, Plaintiff demands judgment in his favor and against Defendants in a sum in excess of the jurisdictional requirement of this court; for costs herein incurred; and for such other and further relief as this Court deems just and proper.

### FIFTH CAUSE OF ACTION
### NEGLIGENCE
### AGAINST ALL DEFENDANTS

159.   Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges as follows:

160.   Defendants had a duty to exercise reasonable care in the design, manufacture, testing, marketing and/or distribution into the stream of commerce of Just For Men®, including a duty to insure that Just For Men® did not pose a significantly increased risk of injury to Plaintiff and other consumers.

161.   Defendants failed to exercise reasonable care in the design, manufacture, testing, marketing and/or distribution into the stream of commerce of Just For Men®. Defendants knew or should have known that hair dye that is marketed to be used on a regular basis to improve cosmetic appearance presents a risk of severe injuries, including burns, weeping, sores, oozing, scarring and other permanent skin reactions, therefore giving rise to pain and suffering, debilitation, and the need for medical treatment including possible surgery and further complications, and therefore was not safe for use by Plaintiff or other consumers.

162.   Defendants failed to exercise reasonable care in the manner and method by which it warned users of the risks associated with use of Just For Men ®, for the reasons set forth in this Complaint.

163.   Defendants failed to exercise reasonable care in the patch test included with this product, and further failed to exercise reasonable care in the instructions as to how to conduct

the patch test, all as set forth elsewhere in the Complaint.

164.    Despite the fact that Defendants knew or should have known that Just For Men® could cause severe reactions in consumers and therefore giving rise to pain and suffering, debilitation, and the need for medical treatment including possible surgery and further complications, Defendants continued to market Just For Men® as a safe and effective hair dye.

165.    Despite the fact that Defendants knew or should have known that Just For Men® could cause severe reactions in consumers and therefore giving rise to pain and suffering, debilitation, and the need for medical treatment including possible surgery and further complications, Defendants failed to use ordinary care in warning Plaintiff and other consumers of this risk.

166.    As a direct and proximate result of Defendants' negligence, Plaintiff has suffered significant damages, including but not limited to physical injury, pain and suffering and further treatment and will continue to suffer such damages.

167.    In taking the actions and omissions that caused these damages, Defendants were guilty of malice, oppression, and fraud.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendants in a sum in excess of the jurisdictional requirement of this court; for costs herein incurred; and for such other and further relief as this Court deems just and proper.

**SIXTH CAUSE OF ACTION**
**BREACH OF EXPRESS WARRANTY**
**AGAINST COMBE DEFENDANTS**

168.    Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges as follows:

169.    Combe Defendants expressly warranted that Just For Men® was a safe and effective hair dye.

COMPLAINT

170.    Combe Defendants expressly warrant that their product is safe and effective and that Just for Men® products "are backed by over three decades of research and have delivered great results over 50 million times."

171.    The Just For Men® manufactured and sold by Combe Defendants did not conform to these express representations because it caused serious injury to Plaintiff when used as recommended and directed.

172.    As a direct and proximate result of Combe Defendants' breach of warranty, Plaintiff has suffered harm, damages and economic loss and will continue to suffer such harm, damages and economic loss.

WHEREFORE, Plaintiff demands judgment in his favor and against Combe Defendants in a sum in excess of the jurisdictional requirement of this court; for costs herein incurred; and for such other and further relief as this Court deems just and proper.

**SEVENTH CAUSE OF ACTION
BREACH OF IMPLIED WARRANTY
AGAINST COMBE DEFENDANTS**

173.    Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges as follows:

174.    At the time Combe Defendants designed, manufactured, marketed, sold, and distributed Just For Men® for use by Plaintiff, Combe Defendants knew of the use Just For Men® was intended for and impliedly warranted the product to be of merchantable quality and safe for such use and that its design, manufacture, labeling and marketing were sufficient.

175.    Plaintiff reasonably relied upon the skill and judgment of Combe Defendants as to whether Just For Men® was of merchantable quality and safe for its intended use and upon Defendants' implied warranty as to such matters.

176.    Contrary to such implied warranty, Just For Men® was not of merchantable

28
COMPLAINT

quality or safe for its intended use, because the product was unreasonably dangerous and defective as described above.

177.    As a direct and proximate result of Combe Defendants' breach of warranty, Plaintiff has suffered harm, damages and economic loss and will continue to suffer such harm, damages and economic loss.

WHEREFORE, Plaintiff demands judgment in his favor and against Combe Defendants in a sum in excess of the jurisdictional requirement of this court; for costs herein incurred; and for such other and further relief as this Court deems just and proper.

**EIGHTH CAUSE OF ACTION**
**NEGLIGENT REPRESENTATION AND FRAUD**
**AGAINST COMBE DEFENDANTS**

178.    Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges as follows:

179.    As set forth in this Complaint, Combe Defendants made multiple material representations concerning the safety and effectiveness of Just for Men® hair dye and minimized and downplayed those risks they chose to disclose.

180.    These material misrepresentations made by Combe Defendants are false as evidenced by the extreme number of adverse reactions to their Just For Men® products by consumers, including but not limited to Plaintiff.

181.    When Combe Defendants made these material representations they knew that they were false, and Defendants made the material representations recklessly without any knowledge of their truth and a positive assertion.

182.    Combe Defendants had actual knowledge based upon studies, published reports and clinical experience that Just For Men® created an unreasonable risk of serious bodily injury,

29

COMPLAINT

yet Combe Defendants negligently misrepresented to Plaintiff that its hair dyes were safe and met all applicable design and manufacturing requirements.

183.    Combe Defendants made these false, material representations with the intention of inducing buyers, including Plaintiff, to act by purchasing Just For Men® by appealing to the buyers' desire to improve their appearance.

184.    Plaintiff acted in justifiable reliance on these material representations made by the Defendants in that he purchased Just For Men® specifically under the belief that it would provide the claimed cosmetic benefits if used in the manner directed by the labeling.

185.    As a direct and proximate result of Defendants' fraudulent and/or negligent actions and omissions, Plaintiff used Just For Men® and suffered harm, damages and economic loss and will continue to suffer such harm, damages and economic loss.

186.    Combe Defendants' actions and omissions as identified in this Complaint demonstrate a flagrant disregard for human life.

WHEREFORE, Plaintiff demands judgment in his favor and against Combe Defendants in a sum in excess of the jurisdictional requirement of this court; for costs herein incurred; and for such other and further relief as this Court deems just and proper.

### NINTH CAUSE OF ACTION
### DECEIT BY CONCEALMENT: VIOLATION OF CALIFORNIA CIVIL CODE
### §§ 1709, 1710 AGAINST COMBE DEFENDANTS

187.    Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges as follows:

188.    Combe Defendants had actual knowledge based upon studies, published reports, and clinical experience that Just For Men® created an unreasonable risk of serious bodily injury or should have known of such information.

189.    The Combe Defendants intentionally omitted, concealed and suppressed this

30

COMPLAINT

information from the product labeling, promoting, and advertising of Just For Men® and instead labeled, promoted, and advertised Just For Men® as safe in order to avoid losses and sustain profits in its sale to consumers, as Combe Defendants knew that Plaintiff would not have purchased Just For Men® had Plaintiff known or otherwise been aware of the true facts concerning Just For Men®.

190.    Plaintiff reasonably relied, to his detriment, upon the Combe Defendants' fraudulent actions and omissions in their representations concerning the risks of Just For Men® in the labeling, advertising, and promoting of Just For Men®.

191.    The Combe Defendants' actions, concealment and omissions as described herein demonstrate a flagrant disregard for human life so as to warrant the imposition of punitive damages.

192.    As a direct and proximate result of the defective and inappropriate warnings and the unreasonably dangerous and defective characteristics of Just For Men®, Plaintiff suffered severe and permanent injuries as herein alleged. Plaintiff endured substantial conscious pain and suffering, both physical and emotional in nature. Plaintiff incurred significant expenses for medical care and treatment, suffered lost wages and earnings, and was otherwise physically, emotionally, and economically injured. Plaintiff suffered severe pecuniary loss. Plaintiff seeks actual and punitive damages from Combe Defendants as alleged herein. The injuries and damages alleged herein are permanent.

WHEREFORE, Plaintiff demands judgment in his favor and against Combe Defendants in a sum in excess of the jurisdictional requirement of this court; for costs herein incurred; and for such other and further relief as this Court deems just and proper.

COMPLAINT

**ELEVENTH CAUSE OF ACTION**
**VIOLATION OF BUSINESS AND PROFESSIONS**
**CALIFORNIA CIVIL CODE § 17200**
**AGAINST COMBE DEFENDANTS**

193.     Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges as follows:

194.     California Business & Professions Code § 17200 provides that unfair competition shall mean and include "all unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising."

195.     The acts and practices described herein were and are likely to mislead the general public and therefore constitute unfair business practices within the meaning of California Business & Professions Code § 17200. The acts of untrue and misleading advertising are, by definition, violations of California Business & Professions Code § 17200. This conduct includes, but is not limited to:

   a.     Representing to Plaintiff and the general public that Just For Men® products were safe, fit, and effective for human use, knowing that said representations were false, and concealing from Plaintiff and the general public that Just For Men® had a serious propensity to cause injuries to users;

   b.     Engaging in advertising programs designed to create the image, impression and belief by consumers that Just For Men® products were safe for humans to use, even though the Defendants knew this to be false, and even though the Defendants had no reasonable grounds to believe them to be true; and

   c.     Purposely downplaying and understating the health hazards and risks associated with Just For Men®.

196.     These practices constitute unlawful, unfair and fraudulent business acts or practices, within the meaning of California Business & Professions Code § 17200, as well as

32

COMPLAINT

unfair, deceptive, untrue and misleading advertising as prohibited by California Business & Professions Code § 17500.

197.   As a result of their conduct described above, Combe Defendants have been and will be unjustly enriched. Specifically, Combe Defendants have been unjustly enriched by receipt of ill-gotten gains from the sale of Just For Men® in California, sold in large part as a result of the acts and omissions described herein.

198.   Because of fraudulent misrepresentations made by Combe Defendants as detailed above, and the inherently unfair practice of committing a fraud against the public by intentionally misrepresenting and concealing material information, the acts of Combe Defendants described herein constitute unfair or fraudulent business practices.

199.   Plaintiff, pursuant to California Business & Professions Code § 17203, seeks an order of this court compelling the Combe Defendants to provide restitution and injunctive relief calling for Cmbe Defendants, and each of them, to cease unfair business practices in the future.

200.   As a direct and proximate result of the defective and inappropriate warnings and the unreasonably dangerous and defective characteristics of Just For Men®, Plaintiff suffered severe and permanent injuries as herein alleged. Plaintiff endured substantial conscious pain and suffering, both physical and emotional in nature. Plaintiff incurred significant expenses for medical care and treatment, suffered lost wages and earnings, and was otherwise physically, emotionally, and economically injured. Plaintiff suffered severe pecuniary loss. Plaintiff seeks actual and punitive damages from the Defendants as alleged herein.  The injuries and damages alleged herein are permanent.

WHEREFORE, Plaintiff demands judgment in his favor and against Combe Defendants in a sum in excess of the jurisdictional requirement of this court; for costs herein incurred; and for such other and further relief as this Court deems just and proper.

COMPLAINT

### TWELFTH CAUSE OF ACTION
### VIOLATION OF BUSINESS AND PROFESSIONS
### CALIFORNIA CIVIL CODE § 17500
### AGAINST COMBE DEFENDANTS

201.    Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges as follows:

202.    Plaintiff brings this cause of action pursuant to California Business & Professions Code § 17500 in Plaintiff's individual capacities and not on behalf of the general public.

203.    California Business & Professions Code § 17500 provides that it is unlawful for any person, firm, corporation or association to dispose of property or perform services, or to induce the public to enter into any obligation relating thereto, through the use of untrue or misleading statements.

204.    At all times herein, Combe Defendants have committed acts of disseminating untrue and misleading statements as defined by California Business & Professions Code § 17500 by engaging in the following acts and practices with intent to induce members of the public to purchase and Just For Men®:

a.    Representing to Plaintiff and the general public that Just For Men® was safe and effective for human use, knowing that said representations were false, and concealing from Plaintiff and the general public that Just For Men® had a serious propensity to cause injuries to users;

b.    Engaging in advertising programs designed to create the image, impression and belief by consumers that Just For Men® was safe for humans to use, even though the Defendants knew this to be false, and even though the Defendants had no reasonable grounds to believe them to be true; and

c.    Purposely downplaying and understating the risk of injury associated with Just For Men®.

34

COMPLAINT

205.    The foregoing practices constitute false and misleading advertising within the meaning of California Business & Professions Code § 17500.

206.    As a result of their conduct described above, Combe Defendants have been and will be unjustly enriched.  Specifically, Combe Defendants have been unjustly enriched by receipt of ill-gotten gains from the sale of Just For Men® in California, sold in large part as a result of the acts and omissions described herein.

207.    Pursuant to California Business & Professions Code § 17535, Plaintiff seeks an order of this court compelling the Combe Defendants to provide restitution and injunctive relief calling for Combe Defendants, and each of them, to cease unfair business practices in the future.

208.    Plaintiff seeks restitution of the monies collected by Combe Defendants, and each of them, and other injunctive relief to cease such false and misleading advertising in the future.

209.    As a direct and proximate result of the defective and inappropriate warnings and the unreasonably dangerous and defective characteristics of Just For Men®, and the Combe Defendants' failure to comply with federal standards and requirements, Plaintiff suffered severe and permanent injuries as herein alleged. Plaintiff endured substantial conscious pain and suffering, both physical and emotional in nature. Plaintiff incurred significant expenses for medical care and treatment, suffered lost wages and earnings, and was otherwise physically, emotionally, and economically injured. Plaintiff suffered severe pecuniary loss. Plaintiff seeks actual and punitive damages from the Combe Defendants as alleged herein.  The injuries and damages alleged herein are permanent.

WHEREFORE, Plaintiff demands judgment in his favor and against Combe Defendants in a sum in excess of the jurisdictional requirement of this court; for costs herein incurred; and for such other and further relief as this Court deems just and proper.

COMPLAINT

1
2

### THIRTEENTH CAUSE OF ACTION
### VIOLATION OF CALIFORNIA CIVIL CODE §§ 1750 *ET. SEQ.*
### AGAINST COMBE DEFENDANTS

3

4       210.    Plaintiff incorporates by reference each and every paragraph of this Complaint as

5   if fully set forth herein and further alleges as follows:

6       211.    Plaintiff is informed and believes and thereon allege that Combe Defendants, and

7   each of them, by the acts and misconduct alleged herein, violated the Consumers Legal

8   Remedies Act, California Civil Code §§ 1750 *et. seq.* ("CLRA").

9       212.    Plaintiff hereby seeks injunctive relief as appropriate against Defendants, and

10  each of them, for their violations of California Civil Code §§ 1750 *et. seq.* The CLRA applies to

11  Defendants' actions and conduct described herein because it extends to transactions which are

12  intended to result, or which have resulted, in the sale of goods to consumers.

13      213.    Plaintiff is a "consumer" within the meaning of California Civil Code § 1761(d).

14      214.    Combe Defendants have violated, and continue to violate, the CLRA in

15  representing that goods have characteristics and benefits which they do not have in violation of

16  California Civil Code § 1770(a)(5).

17
18      215.    At all times herein, Combe Defendants have committed acts of disseminating

19  untrue and misleading statements as defined by California Civil Code § 1770 by engaging in the

20  following acts and practices with intent to induce members of the public to purchase and use Just

21  For Men®, including but is not limited to:

22
23          a.    Representing to Plaintiff and the general public that Just For Men® was

24              safe and effective for human use, knowing that said representations were false, and

25              concealing from Plaintiff and the general public that Just For Men® had a serious

26              propensity to cause injuries to users;

27          b.    Engaging in advertising programs designed to create the image,

28

COMPLAINT

impression and belief by consumers that Just For Men® was safe for humans to use, even though the Defendants knew this to be false, and even though the Defendants had no reasonable grounds to believe them to be true; and

c.    Purposely downplaying and understating the health hazards and risks associated with Just For Men®.

216.    The foregoing practices constitute false and misleading advertising and representations within the meaning of California Civil Code § 1770.

217.    Pursuant to California Civil Code § 1780, Plaintiff seeks an order of this court for injunctive relief calling for Combe Defendants, and each of them, to cease such deceptive business practices in the future.

218.    As a direct and proximate result of the defective and inappropriate warnings and the unreasonably dangerous and defective characteristics of Just For Men®, and the Combe Defendants' failure to comply with federal standards and requirements, Plaintiff suffered severe and permanent injuries as herein alleged. Plaintiff endured substantial conscious pain and suffering, both physical and emotional in nature. Plaintiff incurred significant expenses for medical care and treatment, suffered lost wages and earnings, and were otherwise physically, emotionally, and economically injured. Plaintiff suffered severe pecuniary loss. Plaintiff seeks actual and punitive damages from the Combe Defendants as alleged herein.  The injuries and damages alleged herein are permanent.

WHEREFORE, Plaintiff demands judgment in his favor and against Combe Defendants in a sum in excess of the jurisdictional requirement of this court; for costs herein incurred; and for such other and further relief as this Court deems just and proper.

**FOURTEENTH CAUSE OF ACTION**
**PUNITIVE DAMAGES AGAINST ALL DEFENDANTS**

219.    Plaintiff incorporates by reference each and every paragraph of this Complaint as

37

COMPLAINT

if fully set forth herein and further alleges as follows:

220.    At all times material hereto, the Defendants knew or should have known that Just For Men® was inherently more dangerous and prone to injuries.

221.    At all times material hereto, the Defendants attempted to misrepresent and did misrepresent facts concerning the safety and efficacy of Just For Men®.

222.    Defendants' misrepresentation included intentionally withholding material information from the medical community and the public, including Plaintiff, regarding the safety of Just For Men®.

223.    Notwithstanding the foregoing, Defendants continued to aggressively market Just For Men® to consumers, including Plaintiff, without disclosing the aforesaid problems and injuries.

224.    The Defendants knew that Just For Men® was defective and unreasonably dangerous, as set forth herein, but continued to design, develop, manufacture, market, distribute and/or sell it so as to maximize sales and profits at the expense of the health and safety of the public, including Plaintiff, in conscious and/or reckless disregard of the foreseeable harm caused by the product.

225.    Defendants fraudulently, intentionally, and/or recklessly concealed and failed to disclose to the public, including Plaintiff, the dangers of Just For Men® in order to ensure continued and increased sales.

226.    Defendants' intentional and/or reckless failure to disclose information deprived Plaintiff of the necessary information to enable Plaintiff to weigh the true risk of using Just For Men® against the benefits.

227.    The aforesaid conduct of Defendants in the design, manufacturing, assembly, packaging, warning, marketing, advertising, promotion, distribution and/or sale of Just For Men®

COMPLAINT

was fraudulent, knowing misconduct, willful, and/or conduct undertaken to recklessly and with conscious disregard for the safety of Plaintiff such as to constitute despicable conduct, and oppression, fraud and malice, and at all times relevant, such conduct was ratified by the corporate Defendants herein, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example to Defendants, and to deter them from similar conduct in the future.

228.    Plaintiff seeks actual and punitive damages from the Defendants as alleged herein pursuant to all California state statutes and common law. The injuries and damages alleged herein are permanent.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendants in a sum in excess of the jurisdictional requirement of this court; for costs herein incurred; and for such other and further relief as this Court deems just and proper.

## PRESERVATION CLAIMS

229.    Plaintiff hereby incorporates by reference all allegations contained in the preceding paragraphs, as though fully set forth herein.

230.    Many States have recently enacted tort reform statutes with "exclusive remedy" provisions. Courts have yet in full to determine whether these exclusive remedy provisions eliminate or supersede state common law claims and to what extent. If during the pendency of this action this court makes any such determination, Plaintiff hereby specifically makes claim to and preserves any State claim based upon any exclusive remedy provision, under any state law this court may apply, to the extent not already alleged above.

231.    To the extent that Defendants may claim that one or more of Plaintiff's claims are barred by the applicable statute of limitations, Plaintiff asserts that the statute of limitations is and has been tolled by, inter alia, Plaintiff's discovery that his injuries were caused by

Defendants' defective product and/or failure to properly and adequately warn of the products'

risks, all as more fully set forth in this Complaint, after the injury sustained by Plaintiff.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Mark Green, prays for the following relief:

A. Trial by Jury;

B. Judgment in favor of Plaintiff and against all Defendants, for all damages in such amounts as may be proven at trial;

C. Compensation for non-economic losses, including, but not limited to medical expenses, disfigurement, pain and suffering, mental anguish and emotional distress, in such amounts as may be proven at trial;

D. Punitive and/or exemplary damages in such amounts as may be proven at trial;

E. Restitution and disgorgement of all revenue that Defendants have obtained through the manufacture, marketing, and sale of Just For Men®;

F. Attorney's fees and costs;

G. Pre and post-judgment interest; and

H. Any and all further relief, both legal and equitable, that the court may deem just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all of the triable issues with this Complaint.

Dated: June 25, 2021

Respectfully submitted,

/s/ Trevor B. Rockstad
TREVOR B. ROCKSTAD, SBN. 277274
Davis & Crump, PC
2601 14th Street
Gulfport, MS 39501
Telephone: (228) 863-6000
Facsimile (228) 864-0907

40

COMPLAINT

1

trevor.rockstad@daviscrump.com

2

DOUG SCHREINER (to be admitted *pro hac vice*)

3

Blackridge LLC
9500 Nall Avenue, Suite 400

4

Overland Park, KS 66207
Telephone: (913) 955-3388

5

Facsimile: (913) 955-324

6

*Attorneys for Plaintiff*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT